CITY NATIONAL BANK OF AUSTIN, TEXAS, v. V. A. FENNER.

Decided January 13, 1909.

**Contract—Sale—Mistake.**

The sale of the property of an agency for handling beer by the agent company to the manager of its business included a carload of bottled beer then on hand, valued at its cost, $1,104. A bank, creditor of the beer company, was a party to the contract, by which it received the consideration for the sale. The manager had personally advanced $600 of the cost of this beer, which fact was overlooked in the sale, and he sued the bank to recover that amount on the ground that by mistake his own property, to that extent, had been included in the sale to him. Held that by such advancement he had not become part owner of the beer, but a creditor of the beer company to that amount; and that such mistake did not entitle him to a rescission of the sale or to recover such debt of the company to him from the bank.

Appeal from the District Court of Travis County. Tried below before Hon. George Calhoun.

*Fiset & McClendon* and *D. K. Woodward, Jr.,* for appellant.

*Allen & Hart,* for appellee.—The uncontroverted evidence being that plaintiff, in carrying out a contract of sale entered into between plaintiff and defendant, paid to defendant by mistake of both parties the sum of $600 in excess of the amount contracted to be paid, the court did not err in rendering judgment for plaintiff for said sum. Merryfield v. Willson, 14 Texas, 224; Bank v. Bank, 45 Texas, 217, 218; Alston v. Richardson, 51 Texas, 6.

KEY, ASSOCIATE JUSTICE.—The nature and result of this suit and facts established by uncontroverted testimony are fairly stated in appellant's brief as follows:

"Plaintiff brought the suit to recover of defendant the sum of $600 with interest thereon at six percent from August 10, 1905, alleged to be due him by reason of a mutual mistake of fact on the part of the parties to the suit, in connection with an alleged sale, by defendant to plaintiff, on or about said date, of personal property in the city of Austin, Texas, known as the Schlitz Brewing Agency, together with the furniture, fixtures, teams, accounts and other assets belonging to such agency. The only item in controversy was a certain carload of bottled beer of the value of $1104. Plaintiff claimed that he was the owner in fact of $600 worth of said beer at the time of said alleged sale, but that his said ownership was lost sight of by both parties to this cause at said time, with the result that plaintiff paid and defendant received $600 as purchase price for property already belonging to plaintiff, for which said sum and legal interest plaintiff sued.

"Defendant answered by general demurrer, general denial, a special denial that it made a contract for the sale of said property or that it was a party to any mistake; a plea that if any mistake was made, plaintiff's remedy was by suit for a rescission of any contract that may have been made, at or within a reasonable time after said alleged

mistake occurred, plaintiff having been at all times since he bought said property in full possession of all accounts and other detailed information about the subject matter of said sale; and a further plea of estoppel on the ground that the alleged sale was made to plaintiff by the Austin Ice & Bottling Works, a large debtor of defendant, under an agreement that the proceeds of such sale should be paid to defendant as a credit on said debt against said Austin Ice & Bottling Works; that shortly after said alleged sale, said Austin Ice & Bottling Works was put into bankruptcy and its affairs there administered; that defendant could and would have proved up its claim in said bankruptcy proceeding, but for the delay of plaintiff in making his claim, if such were in fact well grounded, and would have received a dividend thereon, but that said estate in bankruptcy had been closed long before the filing of this suit.

"Defendant also pleaded by way of setoff and as a counterclaim a cause of action on a certain promissory note executed by plaintiff, on which there was claimed a balance of $100, with interest and attorney's fees.

"It is believed that the following brief statement of matters established by uncontroverted evidence will be of assistance to the court in reaching an understanding of the facts shown by the record.

"The defendant, the City National Bank of Austin, Texas, was a national banking corporation, located at Austin, Texas, of which Mr. A. P. Wooldridge was president and Mr. Geo. W. Walling, Jr., was cashier. On August 3, 1905, said defendant closed its doors, its entire assets and business were taken over by the Austin National Bank, and no banking business was done at the City National Bank building after said August 3, 1905. The Austin Ice & Bottling Works was a private corporation, located at Austin, Texas, of which Jasper Wooldridge, his brother and plaintiff were the only stockholders, plaintiff owning only a nominal amount of stock. The Austin Ice & Bottling Works owned the Schlitz Beer Agency at Austin, Texas, at the time said agency was bought by plaintiff.

"Plaintiff V. A. Fenner was secretary of said Austin Ice & Bottling Works, and was a stockholder in said corporation. The Schlitz Beer Agency at Austin, Texas, was conducted in the name of V. A. Fenner, agent, though owned by said Austin Ice & Bottling Works. At the date of said sale the Austin Ice & Bottling Works owed plaintiff $2000 on a note, and it owed defendant a large sum of money on unsecured notes, as well as $2500 and interest on a note purporting to be 'secured by the stock, accounts and other properties of the Schlitz Beer Agency in the city of Austin, Texas.' After defendant closed its doors on August 3, 1905, Mr. Walling became its executive officer, and as such looked after all its collateral, including the properties of said Austin Ice & Bottling Works. On and a few days prior to August 9, 1905, there were some negotiations between plaintiff and Geo. Walling, Jr., with reference to settlement of the affairs of Schlitz Beer Agency, and these negotiations led up to the execution and delivery by the Austin Ice & Bottling Works, defendant, the City National Bank of Austin, Texas, and plaintiff V. A. Fenner of the following contract in writing:

" 'The State of Texas,
      County of Travis.          This instrument witnesses:

" 'That for the purpose of accomplishing a segregation of the business of the Austin Ice & Bottling Works, a corporation of Austin, Travis County, Texas, from that of the Schlitz Beer Agency, V. A. Fenner, agent, also of Austin, Travis County, Texas, the said V. A. Fenner hereby acknowledges that he is the sole person indebted on those two certain notes executed by said V. A. Fenner to the Joseph Schlitz Brewing Company, which are for $1000 each, and he hereby assumes the sole responsibility for the payment of said notes and agrees to pay same at maturity; and further, said V. A. Fenner contemporaneously with the execution hereof, pays to the City National Bank of Austin, Texas, the sum of $2600, to be applied on that certain note and interest of $2500 executed by V. A. Fenner, agent, to said City National Bank on the 10th day of August, 1904, and the City National Bank acknowledges the receipt of said amount and same is so applied by said bank on said note.

" 'In consideration of the foregoing, and for the purpose of recognizing the ownership of said V. A. Fenner of the property hereinafter described, the said Austin Ice & Bottling Works have bargained, sold, transferred and delivered to said V. A. Fenner and by these presents do bargain, sell, transfer and deliver to him all the right, title and interest of the said The Austin Ice & Bottling Works in and to that certain property pertaining to the Schlitz Beer Agency, which is described as follows, to wit:

" 'Ice boxes, valued at the sum of $315; beer licenses, valued at the sum of $403.20; thirty-eight barrels of beer, valued at $266; bottles pertaining to said beer business aggregating the value of $750; bottled beer of the value of $1104; all accounts owing the said beer agency, valued at $905.95; all notes belonging to said beer agency, of the value of $80; also cash belonging to said beer agency to the amount of $75; also one pair of bay mares and harness used in the conduct of said beer business. All of said personal property above enumerated is situated now at the place of business of the Austin Ice & Bottling Works, which is also occupied by the said Schlitz Beer Agency, in Austin, Travis County, Texas.

" 'It is, however, understood that if any other property be hereafter discovered belonging to said beer agency and not herein included, such property will have to be paid for by said V. A. Fenner at the proper valuation to the City National Bank of Austin, Texas, to be there applied on the indebtedness of the Austin Ice & Bottling Works.

" 'To have and to hold all the right, title and interest of said Austin Ice & Bottling Works in and to the property above described unto the said V. A. Fenner, his heirs and assigns forever.

" 'The foregoing instrument is signed by the Austin Ice & Bottling Works, through its president, Jasper Wooldridge, who in turn is thereunto authorized by the board of directors of said corporation under instruction to said board from the stockholders' meeting, all of date August 9, 1905, and is signed by A. P. Wooldridge as the

president of the City National Bank of Austin, Texas, and by V. A. Fenner in triplicate, this, the 9th day of August, A. D. 1905.

Austin Ice & Bottling Works,
By Jasper Wooldridge, its President.

(Seal)                    City National Bank of Austin, Texas,
By A. P. Wooldridge, its President.

(Seal)                    V. A. Fenner.'

"In pursuance of said contract plaintiff received everything that belonged to the beer business. The carload of beer in question was all of the bottle beer on hand at said date, and it was worth $1104.

"The specific transaction giving rise to plaintiff's alleged cause of action was as follows: Said car of beer had been ordered of the Schlitz Brewing Co., Milwaukee, some time previous to the alleged sale of the beer business at Austin to plaintiff, and had been paid for to the extent of $504 by a credit given for bottles returned. Said credit left a balance of $600 due the Schlitz Co., of Milwaukee, on said beer, and said car was shipped according to the usual custom under bill of lading with draft attached. Plaintiff explains the manner of shipment in such cases as follows: 'The cars of beer always came consigned to the Schlitz Company and so endorsed that I got the bill of lading when I paid the draft. It was necessary in every instance to produce the bill of lading in order to get the car. The car of beer involved in this case came in the usual way, and that was the reason I paid the $600.'

"The payment by plaintiff of said drafts is described by him as follows: 'The fact was that I paid $600 of that out of my own money, for which I never had any credit. That car of beer, $1104 worth, was received about the time the City National Bank closed its doors. The car remained on the track a day or two and I went to see Mr. A. P. Wooldridge, the president of the City National Bank, and told him that the contract with the brewery would be forfeited and the business lost if they were not able to take up the draft and get the car of beer that was on the track. He told me they were not in situation to do it at that time, and I went then and raised the money myself out of my personal funds.'

"Plaintiff never made demand upon defendant, nor any of its agents for repayment of said $600 until this suit was filed two years after said sale, and defendant had no notice of such payment by plaintiff or of any claim asserted against it by him by reason thereof until the filing of his original petition herein on August 8, 1907.

"The trial was had before the court and judgment was rendered for plaintiff for $600 with six percent interest from August 10, 1905, and in favor of defendant on its cross-action for $133.72, which was ordered allowed as a credit on said judgment in favor of plaintiff."

Appellee's right to recover is based upon the supposed existence at the date of the sale of a mutual mistake as to the ownership of the car of beer described in plaintiff's petition, his contention being that he was the owner of $600 worth of the beer, and that the sale was made, as shown by the written contract, upon the theory that the entire carload of beer belonged to the Austin Ice & Bottling Works.

The testimony fails to sustain appellee's contention as to the ownership of the beer. He was the agent of the Austin Ice & Bottling Works, and, according to his own testimony, the most that can be said in his behalf is that he advanced or loaned to his principal $600, with which to pay the balance due on the beer. That transaction constituted him an unsecured creditor of the Austin Ice & Bottling Works, but it did not vest in him any title to the beer. Such being the case, in the sale referred to there was no mistake as to the ownership of the beer. In making that sale appellee may have overlooked the fact that he had loaned the Austin Ice & Bottling Works $600 to pay for the beer, but his oversight in that regard would not entitle him to a rescission of the sale or to recover anything from appellant.

The case having been fully developed, and there being no conflict in the testimony, the judgment of the trial court will be reversed and judgment here rendered to the effect that appellee take nothing as to the suit against appellant, and that appellant recover against appellee on its cross-action $133.72 and all the costs in both courts.

*Reversed and rendered.*